IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN BOWMAN, | : | CIVIL NO. 3:17-cv-1362 |
| Petitioner | : | |
| | : | (Judge Munley) |
| v. | : | |
| UNITED STATES OF AMERICA, | : | |
| Respondent | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

**MEMORANDUM**

Presently before the court is a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1), filed on July 28, 2017, and an amendment to the petition (Doc. 3) filed on October 6, 2017, by John Bowman ("Bowman"), a federal inmate confined at the Federal Correctional Institution at Allenwood, White Deer, Pennsylvania.

The Court has conducted preliminary review and, for the reasons set forth below, will dismiss the petition for lack of jurisdiction. See R. GOVERNING § 2254 CASES R. 4, 1(b).[1]

**I. Background**

"On December 11, 1992, a jury convicted [Bowman] of distribution of and possession with intent to distribute crack cocaine, and aiding and abetting of the same, in

---

[1] See R. GOVERNING § 2254 CASES R.4, which provides "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." These rules are applicable to petitions under 28 U.S.C. § 2241 in the discretion of the court. Id. at R.1(b).

violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(B) and 18 U.S.C. § 2 [in the United States District Court for the Southern District of New York. [Bowman's] two prior state felony narcotics convictions subjected him to the enhanced penalty provisions of 21 U.S.C. § 851(b)(1)(A), and a judgment of conviction sentencing him to life imprisonment and ten years of supervised release was entered on July 20, 1993. By Summary Order dated December 4, 1994, the Second Circuit affirmed [Bowman's] conviction." United States v. Bowman, No. 92 CR. 392 (PKL), 1999 WL 413459, at *1 (S.D.N.Y. June 21, 1999).

According to the Southern District of New York criminal docket sheet, Bowman filed his first Section 2255 motion attacking his federal sentence on April 11, 1997. The court denied the motion on August 11, 1998. Eubanks v. United States, 11 F. Supp.2d 455 (S.D.N.Y. 1998). Over the course of the following sixteen years, he filed approximately five motions seeking to vacate/modify his sentence pursuant to 18 U.S.C. §3582(c)(2). The sentencing court denied the motions. Bowman v. United States, 629 F. Supp. 2d 318, 319 (S.D.N.Y. 2009)

Also, in 2012, he sought authorization from the United States Court of Appeals for the Second Circuit to file a second or successive § 2255 motion. (Doc. 1, pp. 14, 15). In a November 20, 2012 decision, the Court of Appeals denied the motion because he did not satisfy criteria set forth in 28 U.S.C.§ 2255(h). (Id.) In 2017, he moved in the United States Court of Appeals for the Second Circuit for leave to file a successive § 2255 motion. The Court of Appeals denied the motion as he had not made a showing that he

satisfied the criteria set forth in 28 U.S.C. § 2255(h). (Id. at 19). Specifically, the motion was "not based on any newly discovered evidence or new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court." (Id. citing § 2255(h)).

Bowman "makes this application pursuant to the savings clause of 28 U.S.C. § 2255(e) and charges that he is factually innocent of being a career offender with [sic] the meaning § 4B1.1." (Doc. 1, p. 1). He contends that because he "was sentenced under the Pre-Booker sentencing regime, which ultimately made the facts found by the court at sentencing mandatory, Petitioner's actual innocent [sic] claim is properly before the Court where he was sentenced under the madatory [sic] sentencing regime; foreclosed from filing a successive § 2255 due to limitations and the change in statutory interpretation. Mathis v. United States, 136 S.Ct. 2243, 195 L.Ed.2d 604 (2016).

## II. Discussion

Challenges to the legality of federal convictions or sentences that are allegedly in violation of the Constitution may generally be brought only in the district of sentencing pursuant to 28 U.S.C. § 2255. Okereke v. United States, 307 F.3d 117 (3d Cir. 2002) (citing Davis v. United States, 417 U.S. 333, 342 (1974)); see In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997). A petitioner may only resort to a § 2241 petition in the unusual situation where the remedy by motion under § 2255 would be inadequate or ineffective. See 28 U.S.C. § 2255; see Dorsainvil, 119 F.3d at 251-52. Importantly, §2255 is not "inadequate or ineffective" merely because the sentencing court has previously denied relief. See id. at 251. Nor do legislative limitations, such as statutes of limitation or

3

gatekeeping provisions, placed on § 2255 proceedings render the remedy inadequate or ineffective so as to authorize pursuit of a habeas corpus petition in this court. Cradle v. United States, 290 F.3d 536, 539 (3d Cir. 2002); United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000); Dorsainvil, 119 F.3d at 251.).

The recognized exception to the general rule, that a challenge to a conviction or sentence must be brought under 28 U.S.C. § 2255 in the sentencing court, is "where the petitioner was in the 'unusual position' of a prisoner with no prior opportunity to challenge his conviction for a crime that an intervening change in substantive law could negate with retroactive application." Okereke v. U.S., 307 F.3d 117, 120 (3d Cir. 2002) (quoting In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997)). Bowman's instant claim is not based upon a contention that the conduct which led to his conviction is no longer criminal as a result of some change in the law. Instead, he challenges the basis for his sentence enhancement under the Armed Career Criminal Act, pursuant to Mathis, 136 S.Ct. 2243, arguing that he is factually innocent. The Third Circuit Court of Appeals has not extended the limited Dorsainvil exception to include situations where a prisoner is challenging a sentence enhancement based on an intervening change in substantive law. Okereke, 307 F.3d at 120 (refusing to extend Dorsainvil exception to sentencing challenge under Apprendi). The remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255 and Bowman fails to demonstrate that he falls within the Dorsainvil exception.

If a petitioner improperly challenges a federal conviction or sentence under § 2241, as is the case here, the petition must be dismissed for lack of jurisdiction. Application of Galante, 437 F.2d 1154, 1165 (3d Cir. 1971).

The Court will enter an appropriate Order.

**BY THE COURT:**

**s/James M. Munley**
**JUDGE JAMES M. MUNLEY**
**United States District Court**

Dated: November 30, 2017